UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACUMENTRICS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　*vs.*<br><br>CONNECTICUT INNOVATIONS, INCORPORATED, CONNECTICUT DEVELOPMENT AUTHORITY, TOMASSO BROTHERS, INC., TUNXIS MANAGEMENT CO., ARTHUR DIETRICK, PETER ELLEF, and WILLIAM TOMASSO,<br><br>　　　　Defendants. | CIVIL ACTION NO. 04-12432 WGY |

**DEFENDANTS CONNECTICUT INNOVATIONS, INC. AND
CONNECTICUT DEVELOPMENT AUTHORITY'S MOTION TO DISMISS**

The defendants Connecticut Innovations, Inc. ("CII") and Connecticut Development Authority ("CDA") respectfully move this Court, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, to dismiss all Counts of Plaintiff's Complaint as to CDA and Counts I, II, IV, V, and VI as to CII.[1]  As discussed more fully in the accompanying memorandum of law, CII and CDA assert, to the extent the claims are addressed to them, that:

(1)　　Plaintiff's RICO claims in Counts I and II should be dismissed because: (a) CII and CDA, as quasi-public agencies, political subdivisions and public instrumentalities of the State of Connecticut, performing essential public and

---

[1] CII has simultaneously filed a Combined Motion To Compel Arbitration and Stay Litigation as relates to CII.  Consequently, as relates to CII, the present motion is filed in the alternative should the Court determine not to grant its Combined Motion To Compel Arbitration and Stay Litigation.

government functions, cannot as a matter of law be sued under RICO, (b) Plaintiff has failed to allege a single predicate act, let alone any pattern of racketeering activity, by CII and/or CDA, and (c) Plaintiff has failed to plead its RICO claims with the particularity required by Fed. R. Civ. P. 9(b);

(2) Plaintiff's RICO claim in Count I should be dismissed as to CDA because Plaintiff has failed to allege that CDA has acquired an interest or control in the Plaintiff, as required under 18 U.S.C. § 1962(b);

(3) Plaintiff's RICO claim in Count I should be dismissed because Plaintiff has failed to allege a distinct "acquisition injury," as required under 18 U.S.C. § 1962(b);

(4) Plaintiff's RICO claim in Count II should be dismissed because CII cannot be both the "person" and the "enterprise" under 18 U.S.C. § 1962(c);

(5) Plaintiff's claim for equitable remedies under RICO should be dismissed because such remedies are unavailable to a private Plaintiff under RICO;

(6) Plaintiff's breach of contract claim in Count III against CDA should be dismissed because Plaintiff has failed to allege any contractual relationship between Plaintiff and CDA;

(7) Plaintiff's usury claim in Count IV should be dismissed because: (a) Plaintiff fails to allege any kind of financial relationship with CDA, and (b) the alleged financial relationship with CII is based on an equity investment, not a "loan of money";

(8) Plaintiff's common law fraud claim in Count V should be dismissed because it fails to allege fraud or misrepresentation with particularity; and

(9) Plaintiff's M.G.L. c. 93A claim in Count VI should be dismissed because CII and CDA, as quasi-public agencies, political subdivisions and public instrumentalities of the State of Connecticut, performing essential public and government functions, are not "engaged in trade or commerce" as those terms are defined by c. 93A.

WHEREFORE, defendants respectfully ask that its Motion to Dismiss be granted in full, together with such other and further relief as the Court deems just and proper.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that counsel for CII and CDA conferred by telephone with Robert R. Pierce, counsel for Plaintiff, in a good faith effort to resolve or narrow the issues presented in this motion prior to filing, and that counsel were unable to resolve or narrow the issues.

### REQUEST FOR ORAL ARGUMENT

In accordance with Rule 7.1(d) of the Local Rules of this Court, CII and CDA request oral argument at a date and time to be set by this Court.

                    Respectfully submitted,

                    CONNECTICUT INNOVATIONS
                    INCORPORATED and CONNECTICUT
                    DEVELOPMENT AUTHORITY

                    By their attorneys,

                    /S/ James C. Rehnquist_____
                    James C. Rehnquist (BBO # 552602)
                    Rachel S. Spooner (BBO # 643626)
                    GOODWIN PROCTER LLP
                    Exchange Place
                    Boston, MA 02109
                    (617) 570-1000

                    Robert L. Wyld
                    Sheila A. Huddleston
                    Morgan P. Rueckert
                    Derek L. Mogck
                    SHIPMAN & GOODWIN LLP
                    One Constitution Plaza
                    Hartford, CT 06103
                    (860) 251-5000

Dated: February 11, 2005